IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-43402 |
| | ) | |
| CLARENCE JAMES GRENDAHL, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 18, 20 |

ORDER

Hearing was held in Lincoln, Nebraska, on January 5, 2006, regarding Filing No. 18, Objection to Exemptions, filed by Cadiz, L.L.C., and Filing No. 20, Resistance, filed by the debtor. David W. Rasmussen appeared for the debtor, Stanton Beeder appeared for Cadiz, L.L.C., Jeff Kirkpatrick appeared for Michelle Grendahl, and Joseph Badami appeared as Chapter 7 trustee.

The debtor has claimed a homestead exemption in the proceeds of the sale of his real property. The property was sold pursuant to a judicial foreclosure decree. The purchaser of the property at the foreclosure sale, Cadiz, L.L.C., is also a creditor of the debtor. It objects to the claimed homestead exemption in the proceeds because it claims that one who has a homestead may abandon it and that the debtor has abandoned his homestead and therefore has no right to claim any proceeds.

The debtor has either been incarcerated or in residential drug/alcohol treatment since February 2004. As a result of the incarceration and/or court orders directing where the debtor may reside during the drug/alcohol treatment, he was unable to return to the premises prior to the foreclosure sale. The objecting creditor asserts that the homestead has been abandoned because of his voluntary criminal act which resulted in his incarceration and his failure to return to the property prior to its sale.

The objection is overruled. The debtor was married and the father of two children, all of whom resided in the premises prior to a separation of the debtor and his former spouse in 2002. The dissolution of marriage decree awarded the house to the debtor. The debtor therefore qualified for a homestead exemption under the Nebraska homestead statutes. Neb. Rev. Stat. §§ 40-101, -102, -115; Palmer v. Sawyer, 103 N.W. 1088 (Neb. 1905).

The fact that the debtor committed a crime and was thereafter incarcerated and unable to make the payments on the note and deed of trust or return to the premises is not evidence of abandonment. Although a criminal act is probably voluntary, the incarceration for that criminal act is never voluntary. The fact that the debtor is incarcerated, and therefore cannot return to the home, is not evidence of an intent to abandon.

The debtor's affidavit makes it clear that but for the incarceration, he would have returned to the home and resided there.

Secondarily, the objector suggests that because the debtor did not claim the homestead exemption at the time of the foreclosure sale, he is barred from doing so. Neb. Rev. Stat. § 40-116 provides that one does not lose a homestead exemption simply because it was not claimed at the

time of the sale. Instead, it provides that one who is eligible to claim a homestead exemption is entitled for a period of six months after the sale to make a claim for the exempt portion of the proceeds of the sale. J.H. Melville Lumber Co. v. Maroney, 16 N.W.2d 527, 530 (Neb. 1944).

> When a homestead is sold to satisfy a mortgage thereon, the owner is entitled to have the amount of his homestead exemption set off to him from the surplus proceeds of sale, after satisfying the debt which was a lien on the homestead interest, and before the application of any part of the proceeds to the satisfaction of debts against which the homestead exemption might be claimed.

Id. (quoting Morrill v. Skinner, 77 N.W. 375 (Neb. 1898)).

As mentioned above, the objection to exemption is denied. The exemption is granted to the extent funds are available free and clear of liens. At the hearing, the court was informed that the remaining proceeds after the payment of the first lien are deposited with the clerk of the foreclosing court. The debtor's spouse has made a claim for delinquent child support from the proceeds. The debtor does not dispute the right of his former spouse to obtain such proceeds which are the equivalent of the delinquent child support obligation. The balance, after distribution of the child support lien amounts, is exempt, and the debtor has a right to such funds free and clear of the claim of Cadiz, L.L.C., or any other general creditor.

SO ORDERED.

DATED this 10th day of January, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    David W. Rasmussen
    *Stanton Beeder
    Joseph Badami
    Jeff Kirkpatrick
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.